Withers J.
delivered the opinion of the Court.
Before expressing a judgment in this cause, it is thought proper to observe that there is no evidence reported to us indicating any purpose or effort on the part of Schaub, the payee in the order, to practice any fraud upon Clark, the acceptor, by imposing upon him an article of property, subject to a pre-exist-ing lien; for it does not appear either that he had any participation in the contract of sale between Chandler and Clark, or that he knew of the existence of the lien that was afterwards enforced. The horse was in Schaub’s hands, as a pledge or security, for an acknowledged debt, owing to him by Chandler; and his agency in the transaction, as the cause is presented here, was confined to a refusal to deliver the animal to the purchaser from his debtor, until he had received from such debtor and purchaser a paper recited in the report, and having the characteristics of a bill of exchange. Letitbe also remarked, that the payment is not to be made out of a particular fund. We, therefore, regard the plaintiff as standing in the usual relation of the payee of an accepted bill of exchange, receiving *301 the same, bona fide, from the drawer, and unaffected by any want or failure of consideration as between the drawer and acceptor. In legal language, Schaub and Clark are not immediate parties to the bill, which is the foundation of this action, for the payee and acceptor do not bear that relation.
It is not enough, therefore, that Clark should show, that he received no consideration for his acceptance; that is important only where the further tact appears also, to wit: that Schaub gave no consideration for the bill. The law on this subject appears to be carefully laid down, in intelligible terms, by Byles on Bills of Exchange, as follows: “But between remote parties, for example, between payee and acceptor, between indorsee and acceptor, between indorsee and remote indorser, two distinct considerations come in question: first, that which the defendant received for his liability; and secondly, that which the plaintiff gave for his title. If, in such a case, the defendant can show that he has an equity not to be charged, as if he can prove that he received no consideration for his liability, or that his signature was obtained to the bill by force or fraud, it is but reasonable, that after giving due notice to the plaintiff, he should require the plaintiffto show that he gave a valuable consideration for the bill, and that the plaintiff therefore has an equity to recover. Accordingly, an action between remote parties will not fail, unless in case of absence or failure of both these considerations.’’
Has the defendant complied with this rule? Admitting that he received no consideration for his liability, does it also appear that the plaintiff gave nothing for his title, or in other words, that no consideration moved from the plaintiff to the drawer? We must answer in the negative. That a debtor should give a bill of exchange to his creditor for a debt, which is confessedly owing, cannot be said to be a transaction without a consideration. It is laid down in Story on Promissory Notes, section 195, as follows: “Every person is in the sense of the rule, treated as a bona fide holder for value, not only when he has advanced money or other value for it, but where he has received it in payment of a precedent debt, or where he has a lien on it, *302 or has taken it as collateral security for a precedent debt, or for future, as well as for past advances,”
If (as we conclude the fact to be in this case) the plaintiff gave value for the bill, we need not determine whether the onus of proving that he did so give value, should be thrown upon him by the defendant’s showing that he received no consideration for his liability, and upon giving due notice to the plaintiff that he would be required to prove that he gave value, nor need we decide what description of notice would avail to put the plaintiff upon such proof; for the pre-existing debt was proved to be owing by the drawer to the payee. Such a course seems to be contemplated by Byles, in the language herein before cited from his work. The genera] rule is not doubted, however, to be as represented by Story, in section 196 of the same book above cited, that the holder of a bill or note is ordinarily presumed to he, prima facie, a holder for value, and is not to be put to proof of it until the other party has attacked the consideration as now existing, or having failed, or as illegal, or that the paper has been lost or stolen before it came to the possession of the holder. It was said by Lord Denman, in the case of Arbonin v. Anderson, 1 Adolph & Ellis, New Rep,, 498, 504—“the owner of a bill is entitled to recover upon it if he came to it honestly; that fact is implied, prima facie, by possession; and to meet the inference so raised, fraud, felony, or some such matter must be proved.”
Nor do we deem it necessary to conclude any thing upon the question, whether the delivery of the horse by the plaintiff to the acceptor, be such a consideration as to sustain the liability arising from the acceptance, inasmuch as the adequacy or extent of the consideration is not a question for the Court, nor a test of the validity of the consideration, unless as it might touch an inquiry into an imputed fraud; this branch of the question might lead us into an investigation, whether the article of property was of no value to Schaub, merely because a prior legal lien deprived him of its possession and use; whether Schaub may not in consequence of this transaction, have prolonged the credit to Chandler, and have forborne to take other legal steps to enforce his rights. The judgment of this Court *303 is, that the decree on the circuit be reversed, and the cause remanded for a new trial.
Evans J., Wardlaw J., and Frost J., concurred.